UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| SHONDESE FRAZIER<br>2232 Berkshire Dr.<br>Owensboro, KY 42301<br><br>PLAINTIFF<br><br>v.<br><br>SOUTHWIRE COMPANY, LLC<br>One Southwire Dr.<br>P.O. Box 1000<br>Carrollton, GA 30119<br><br>SERVE: National Registered Agents, Inc.<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br><br>DEFENDANT | CIVIL ACTION NO.<br><br>4:14-CV-125-JHM |

## **VERIFIED COMPLAINT**

1. Plaintiff Shondese Frazier is an individual who has resided in the Commonwealth of Kentucky at all times relevant to this Complaint.

2. Defendant Southwire Company, LLC ("Southwire") is a limited liability company organized under the laws of the state of Delaware with its principal office located in Carrollton, Georgia.

3. At all times relevant herein, Southwire has been regularly conducting business in Kentucky, including operating a plant in Hawesville, KY.

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117.

5. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

6. Plaintiff is an "employee" as defined by 42 U.S.C. § 12111(4).

7. Plaintiff is a "qualified individual" who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is a qualified individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. §§ 12102(2) and 12111(8), and other applicable state and federal laws.

8. Plaintiff exhausted his administrative remedies by timely filing a charge of discrimination against Defendant with the EEOC alleging discrimination on the basis of disability.

9. Plaintiff received his Notice of Suit Rights and brings this original action within ninety (90) days of receipt.

10. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Western District of Kentucky.

11. Plaintiff was formerly employed by Defendant for a period of about 10 years.

12. For the majority of his employment, Plaintiff operated a drawing machine at the Hawesville plant.

13. In the course and scope of his duties while employed by Defendant, Plaintiff suffered a head injury and took medical leave.

14. Plaintiff filed a workers' compensation claim related to his head injury.

15. Plaintiff was released to return to work with minimal restrictions.

16. Despite being released to return to work, Defendant refused to put Plaintiff back to work.

17. On February 6, 2014, Defendant terminated Plaintiff.

18. Plaintiff requested reasonable accommodations for his physical restrictions, but Defendant refused to accommodate him.

19. Specifically, Plaintiff requested earplugs and assistance with lifting within his 25 lb. limitation.

20. It would not have been an unreasonable burden on the Defendant to accommodate Plaintiff.

21. Plaintiff has also requested reassignment to other jobs available at the facility.

22. Plaintiff was qualified for the jobs he sought to fill.

## COUNT I – FAMILY MEDICAL LEAVE ACT
*Interference and Retaliation Based on Rights Under*
29 U.S.C. § 2601 *et seq.*

23. The above-described actions of Defendant Southwire, constitutes unlawful interference with Plaintiff's FMLA rights.

24. The above-described actions of Defendant Southwire, constitutes unlawful retaliation against Plaintiff for exercise of his FMLA rights.

25. Defendant acted intentionally, willfully, or recklessly with malice and oppression such that an award of punitive damages is justified.

26. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT II – AMERICANS WITH DISABILITIES ACT
*Wrongful Termination and Retaliation Based On Disability and/or Perceived Disability*
42 U.S.C. § 12111, *et seq.*

27. Plaintiff was disabled or regarded as disabled by Defendant.

28. Defendant did not attempt to reasonably accommodate any disability Plaintiff may have had or was perceived as having.

29. Plaintiff's disability or perceived disability was a contributing factor in Defendant's decision to terminate his employment.

30. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

### COUNT III -- WORKERS' COMPENSATION
*Wrongful Termination and Retaliation Based on Workers' Compensation Claim*
*KRS 342.197*

31. The above facts constitute a willful violation of KRS 342.197 by Defendant, in that Defendant retaliated against Plaintiff by terminating him for exercising his right to workers' compensation benefits.

32. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

33. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages in an amount exceeding the jurisdictional minimums of this Court, including damages for embarrassment, humiliation, emotional distress, and mental anguish.

34. Plaintiff is entitled to punitive damages for the willful, wanton, oppressive, malicious, and/or grossly negligent unlawful conduct of Defendants, as set forth above.

35. Plaintiff further requests that Plaintiff be granted permanent injunctive relief of reinstatement to his full schedule of duties or an alternative position for which he is qualified.

WHEREFORE, the Plaintiff, Shondese Frazier, respectfully requests the following:

A. An award of compensatory damages;

B. Permanent injunctive relief;

C. Trial by jury on all issues so triable;

D. His costs and attorney's fees, plus pre- and post-judgment interest;

E. Any and all other relief to which he may be entitled.

                          Respectfully submitted,

/s/ Laura E. Landenwich
Laura E. Landenwich
CLAY DANIEL WALTON & ADAMS, PLC
101 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202
(502) 561-2005
laura@justiceky.com
*Counsel for Plaintiff*

## VERIFICATION

I, Shondese Frazier, state that I have read the foregoing Complaint and the statements contained therein are true to the best of my knowledge and belief.

_____
SHONDESE FRAZIER

Subscribed and sworn to before me by Shondese Frazier on this **12** day of **Dec.** 2014.

My commission expires: **2/15/16**.

_____
Notary Public, State-at-Large, Kentucky